UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NHU DINH TRAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF ELK GROVE,<br><br>　　　　　Defendant. | No. 2:24-cv-03232-DAD-CSK<br><br>ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIFF NHU DINH TRAN<br><br>(Doc. No. 13) |

　　　　This matter came before the court on October 21, 2025 for hearing on the motion to withdraw as counsel of record for plaintiff Nhu Dinh Tran filed by attorney Kyle H. Tang on September 11, 2025. (Doc. No. 13.) Attorney Kyle H. Tang appeared on behalf of plaintiff and attorney William Bittner appeared on behalf of defendant. For the reasons explained below, the court will grant attorney Tang's motion.

**BACKGROUND**

　　　　Plaintiff filed his complaint in the Sacramento County Superior Court on August 7, 2024. (Doc. No. 1 at 5.) On November 20, 2024, the matter was removed to this court. (*Id.*)

　　　　On September 11, 2025, attorney Tang filed the pending motion to withdraw as plaintiff's counsel of record. (Doc. No. 13.) In his declaration submitted in support of the pending motion, attorney Tang states that during a conversation with plaintiff on May 1, 2025, plaintiff indicated

1

that he wished to retain new counsel. (*Id.* at 3.) Attorney Tang agreed to remain as plaintiff's counsel of record at that time until plaintiff had obtained new counsel to substitute him out. (*Id.*) In early June 2025, attorney Tang spoke with plaintiff again and was provided with a new address and phone number for plaintiff while indicating that he still intended to seek new counsel but had not done so. (*Id.*) Attorney Tang represents that since June 2025 he has not received any communication from plaintiff, including after informing plaintiff that he would be filing a motion to withdraw as counsel of record. (*Id.*) At the October 21, 2025 hearing, attorney Tang clarified that he had informed plaintiff of the consequences of the court granting a motion to withdraw as counsel, to which plaintiff had stated that he would acquire substitute counsel. At that hearing, attorney Tang also represented that he had mailed plaintiff his motion to withdraw, the magistrate judge's order granting defendant's motion to compel (Doc. No. 17), and had attempted to inform plaintiff of his obligation to comply with the magistrate judge's order. Attorney Tang stated in his declaration and at the hearing that he has also "previously provided Plaintiff with his case file[.]" (*Id.* at 4.)

**LEGAL STANDARD**

An attorney's withdrawal is governed by Local Rule 182 and the Rules of Professional Conduct of the State Bar of California ("Rules of Professional Conduct"). In this regard, Local Rule 182(d) provides:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client *in propria persona* without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules.

L.R. 182(d). Rule 1.16(a) of the California Rules of Professional Conduct provides several grounds upon which an attorney "*shall* withdraw from the representation of a client," including if "the client discharges the lawyer." Cal. R. Prof. Conduct 1.16(a)(4) (emphasis added).

In contrast, withdrawal is not mandatory if it is based on the grounds listed in Rule 1.16(b) of the California Rules of Professional Conduct, in which case the decision to grant or deny an

2

1 attorney's motion to withdraw is committed to the discretion of the trial court.  "In ruling on a
2 motion to withdraw as counsel, courts consider:  (1) the reasons why withdrawal is sought; (2) the
3 prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the
4 administration of justice; and (4) the degree to which withdrawal will delay the resolution of the
5 case." *Beard v. Shuttermart of Cal., Inc.*, No. 3:07-cv-00594-WQH-NLS, 2008 WL 410694, at
6 *2 (S.D. Cal. Feb. 13, 2008); *see also CE Res., Inc. v. Magellan Grp., LLC*, No. 2:08-cv-02999-
7 MCE-KJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009) (noting that "[u]ltimately, the
8 court's ruling must involve a balancing of the equities").

## DISCUSSION

"An attorney may seek to withdraw representation where the client's conduct renders it unreasonably difficult for counsel to carry out the employment effectively." *Doe v. Adams*, No. 1:21-cv-01103-NONE-SAB, 2022 WL 22934854, at *3 (E.D. Cal. Jan. 27, 2022).  Attorney Tang represents to the court that "Plaintiff has been nonresponsive to Counsel's efforts to communicate with him" and accordingly that his continued representation of plaintiff in this action has become unreasonably difficult. (Doc. No. 13 at 2.)  Attorney Tang also states that his last contact with plaintiff was in early June 2025 and that he has "made a few more attempts to reach him" but that plaintiff has not returned his calls.  (*Id.* at 3.)  Attorney Tang also attempted text messaging plaintiff on September 8, 2025, but received no response.  (*Id.*)  An inability to communicate with a client provides good cause for withdrawal.  *See, e.g., Altes v. Comm'r of Soc. Sec.*, No. 2:20-cv-01663-KJN, 2021 WL 2109578, at *2 (E.D. Cal. May 25, 2021) (finding that the plaintiff's failure to communicate with counsel or oppose the pending motion to withdraw was grounds for the granting of that motion); *see also Perez v. Delta Packing Co. of Lodi*, No. 2:19-cv-02228-DAD-JDP, 2023 WL 3505370, at *3 (E.D. Cal. May 16, 2023) (finding that failure of the plaintiffs to communicate with counsel rendered effective representation impossible). Additionally, attorney Tang has attempted to mitigate any prejudice to plaintiff from his withdrawal as counsel of record by notifying plaintiff of his intent to file a motion to withdraw as counsel of record, mailing plaintiff that motion to withdraw along with the assigned magistrate judge's order granting defendant's motion to compel, and mailing plaintiff his case file.  (Doc.

3

No. 13 at 3–4); *see also Tulare Golf Course, LLC v. Vantage Tag, Inc.*, No. 1:21-cv-00505-JLT-SKO, 2024 WL 3361114, at *2 (E.D. Cal. July 8, 2024) (finding that the withdrawing attorney took reasonable steps to avoid prejudice by serving his client with a copy of his motion to withdraw and informing it of opposition and hearing deadlines). Despite having been provided with notice, plaintiff has not filed an opposition to the pending motion to withdraw.

As for prejudice to other parties, the court observes that defendant has filed a statement of non-opposition to the motion, which supports a finding that permitting withdrawal would not prejudice defendant. (Doc. No. 16.) Accordingly, the court finds that attorney Tang has demonstrated that his withdrawal as counsel of record for plaintiff is appropriate due to the breakdown of communications between him and plaintiff, and that the other parties are unlikely to be prejudiced by his withdrawal.

For the reasons stated at the October 21, 2025 hearing, the court will extend the deadline for plaintiff to comply with the magistrate judge's order granting defendant's motion to compel (Doc. No. 17) from November 3, 2025 to November 17, 2025.

For the reasons above,

1. The motion to withdraw as counsel of record filed by attorney Kyle H. Tang (Doc. No. 13) is GRANTED;

2. Attorney Kyle H. Tang shall comply with all obligations under Rule 1.16(e) of the California Rules of Professional Conduct regarding release of a client's papers and property and return of any unearned fees;

3. Plaintiff Nhu Dinh Tran may have new counsel file a substitution of attorneys and appear as his counsel of record in this case but until or unless new counsel does so, plaintiff is substituted in *pro se* in this action and is directed that as a plaintiff now proceeding *pro se* in this action he is required to comply with the Federal Rules of Civil Procedure, the Local Rules of this court, and all orders of this court;

4. Plaintiff Nhu Dinh Tran is ORDERED to comply with the assigned magistrate judge's order granting defendant's motion to compel (Doc. No. 17) by no later than November 17, 2025;

4

5. The Clerk of the Court is directed to TERMINATE attorney Kyle H. Tang as the counsel of record for plaintiff Nhu Dinh Tran;

6. The Clerk of the Court is also directed to ENTER the following contact information as the address of record for Nhu Dinh Tran who is now proceeding *pro se* in this action:

> Nhu Dinh Tran
> 2114 Senter Road, Unit 12
> San Jose, CA 95112

7. The Clerk of the Court is directed to SERVE this order on plaintiff Nhu Dinh Tran by mail at the address of record listed above; and

8. Plaintiff is forewarned that his failure to comply with this order may result in the dismissal of this action for failure to prosecute this action and/or abide by the court's orders.

IT IS SO ORDERED.

Dated: **October 22, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

5