UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NHU DINH TRAN, | Case No. 2:24-cv-03232-DAD-CSK |
| Plaintiff, | |
| v. | ORDER GRANTING RULE 37 EXPENSES |
| CITY OF ELK GROVE, | |
| Defendant. | (ECF Nos. 17, 18) |

On October 3, 2025, the Court granted Defendant City of Elk Grove's motion to compel Plaintiff Nhu Dinh Tran's responses to Defendant's interrogatories, requests for admissions ("RFAs"), and requests for production of documents ("RFPs") and denied Defendant's motion for terminating sanctions for failure to respond to Defendant's interrogatories, RFAs, and RFPs. 10/03/2025 Order (ECF No. 17).[1] Because Defendant had not provided the Court with sufficient information to determine the amount of expenses pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), the Court ordered Defendant to file and submit its reasonable expenses, including attorney's fees. 10/03/2025 Order at 8-9. Defendant has now done so. 10/17/2025 Declaration of William J. Bittner (ECF No. 18). Plaintiff was also provided with the opportunity to respond to

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(1).

1

Defendant's reasonable expenses. 10/03/2025 Order at 8-9. Plaintiff did not file a response. *See* Docket.

## I.   DISCUSSION[2]

As the Court has previously ordered, under Rule 37, awarding reasonable expenses in making the motion to compel, including attorneys' fees, is mandatory here as none of the exceptions are established. *See* Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii); 10/03/2025 Order.

The Ninth Circuit affords district courts broad discretion in determining the reasonableness of fees. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). While the amount of a fee award is discretionary, the district court must "provide a concise but clear explanation of its reasons for the fee award." *Carter v. Caleb Brett LLC*, 757 F.3d 866, 868 (9th Cir. 2014). The Ninth Circuit utilizes the "lodestar" method for assessing reasonable attorney's fees. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). Under the "lodestar" method, the number of hours reasonably expended is multiplied by a reasonable hourly rate. *Id*. Reasonable hourly rates are determined by the "prevailing market rates in the relevant community." *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001). "[T]he established standard when determining a reasonable hourly rate is the 'rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation.'" *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (quoting *Barjon v. Dalton*, 132 F.3d 496, 502 (9th Cir. 1997)). Generally, "the relevant community is the forum in which the district court sits." *Camacho*, 523 F.3d at 979 (quoting *Barjon*, 132 F.3d at 500). Here, the relevant community is Sacramento, California, which is where this district court is located.

Defendant seeks attorney's fees in the amount of $245 for its counsel, attorney William J. Bittner, in connection with its motion to compel. Bittner Decl. ¶¶ 2-4.

---

[2]  Additional background on Defendant's motion is provided in the Court's order. *See* 10/03/2025 Order.

2

Defendant's attorney fees are based on a $245 hourly rate for one hour of work researching, drafting, and analyzing the motion to compel. *Id*. The Court finds that one hour is a reasonable amount of time spent by counsel. Though Defendant could have sought reimbursement for its reasonable costs, Defendant did not and only requested reimbursement for its attorney's fees. The Court next examines the hourly rate requested. Mr. Bittner has six years of experience and is a senior associate at Angelo, Kilday & Kilduff, LLP. Bittner Decl. ¶ 5. Defendant also submits case law from the Eastern District of California to support counsel's requested rate, citing cases where attorneys of comparable experience have been awarded $300 to $420 per hour in this district. *See id*. ¶ 6. The Court finds that the requested hourly rate of $245 for an attorney with six years of experience is reasonable, and lower than the prevailing market rate in Sacramento for attorneys of comparable skill, experience, and reputation.

Pursuant to Rule 37(a)(5)(A), the Court therefore orders Plaintiff to pay Defendant's reasonable expenses in the amount of $245, which represents one hour for counsel at a $245 hourly rate.

## II.   CONCLUSION

In conclusion, IT IS HEREBY ORDERED THAT:

1. Defendant is awarded its reasonable expenses in the amount of $245, which must be paid by Plaintiff to Defendant within twenty-one (21) days of the date of this order; and
2. Plaintiff shall simultaneously file a notice once payment is made.

Dated: January 5, 2026

*[signature: Chi Soo Kim]*
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, tran3232.24