UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NHU DINH TRAN,

　　　　　Plaintiff,

　　v.

CITY OF ELK GROVE,

　　　　　Defendant.

Case No. 2:24-cv-03232-DAD-CSK

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SANCTIONS AND TO COMPEL

(ECF No. 22)

Defendant City of Elk Grove moves for sanctions dismissing Plaintiff Nhu Dinh Tran's complaint for failure to participate in discovery and comply with prior court orders, or in the alternative, to compel Plaintiff to respond to Defendant's interrogatories, requests for admissions ("RFAs"), and requests for production ("RFPs"). (ECF No. 11.)[1] Pursuant to Local Rule 251(e), Defendant's motion is excepted from the requirement for Joint Statements re Discovery Disagreement. On January 14, 2026, the Court vacated the hearing on Defendant's motion scheduled for January 20, 2026 due to Plaintiff's failure to respond to the motion. *See* 01/14/2026 Order (ECF No. 25). For the reasons that follow, the Court GRANTS IN PART AND DENIES IN PART Defendant's motion to compel and motion for sanctions.

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

## I.    BACKGROUND

The Court incorporates the case background previously provided in its October 3, 2025 order here. *See* 10/3/2025 Order (ECF No. 17.) On August 7, 2024, Plaintiff filed this Section 1983 action in Sacramento County Superior Court. Compl. (ECF No. 1, Exh. A). On November 20, 2024, Defendant removed this action to this Court. (ECF No. 1). Defendant filed its answer on November 26, 2024. (ECF No. 4.) A scheduling order was issued on May 6, 2025 by the assigned district judge setting case deadlines, including a fact discovery completion deadline of April 17, 2026.[2] 5/6/2025 Scheduling Order at 3 (ECF No. 10).

On May 28, 2025, Defendant served interrogatories, RFAs, and RFPs on Plaintiff. ECF No. 11-1; 8/28/2025 Declaration of William J. Bittner ¶ 2 (ECF No. 11-2). Responses to discovery requests were due on or before June 27, 2025. ECF No. 11-1 at 2; Bittner Decl. ¶ 6. Plaintiff did not respond. *Id.* On July 1, 2025, Defendant sent Plaintiff an email notifying him that written discovery responses were due on June 27, 2025 and requesting discovery responses be served by July 7, 2025, or an explanation be provided. ECF No. 11-1 at 2; Bittner Decl. ¶ 7. After receiving no response to its July 1, 2025 email, Defendant sent Plaintiff a follow up email on July 29, 2025, notifying Plaintiff that his discovery responses were overdue, requesting a meet and confer pursuant to Local Rule 251, and that a motion to compel would be forthcoming if necessary. ECF No. 11-1 at 2; Bittner Decl. ¶ 8. On July 31, 2025, Defendant followed up with a phone call and was able to meet and confer with Plaintiff's counsel regarding outstanding discovery responses. ECF No. 11-1 at 2-3; Bittner Decl. ¶ 9. Plaintiff's counsel informed

---

[2]  The May 6, 2025 Scheduling Order defines "completion" as: "As used herein, the word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relevant to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed. The parties are advised that motions to compel must be filed in advance of the discovery completion deadlines so that the court may grant effective relief within the allotted discovery time. A party's failure to have a discovery dispute heard sufficiently in advance of the discovery cutoff may result in denial of the motion as untimely." 5/6/2025 Scheduling Order at 3 n.1.

Defendant that his client was refusing to return his calls and that Plaintiff's counsel could not respond to the written discovery. *Id.*

On October 3, 2025, the Court granted in part and denied in part Defendant's motion to compel and motion for sanctions. *See* 10/3/2025 Order. Plaintiff was ordered to serve his complete and full responses to Defendant's interrogatories without objection, to produce documents responsive to Defendant's RFPs without objection, and to respond to the RFAs without objection within thirty days from the date of the order. *Id.* at 5-7. Plaintiff was also required to file a written status report regarding his compliance with the Court's October 3, 2025 order within thirty days. *Id*. at 7-8. Plaintiff was warned that if he continued to fail to participate in discovery, Defendant's RFAs may be deemed admitted. *Id*. at 6 (citing Fed. R. Civ. 36(a)(3)). Plaintiff was further reminded of his duty to comply with court orders, participate in discovery, and that if he failed to comply with court orders, or participate in discovery, Plaintiff may face serious sanctions, including dismissal. *Id*. at 7.

On October 22, 2025, the assigned district judge granted attorney Kyle H. Tang's motion to withdraw as counsel of record for Plaintiff due to the breakdown of communications between attorney Tang and Plaintiff. 10/22/2025 Order (ECF No. 21); Def. Mot. at 2 (ECF No. 22-1). The assigned district judge also extended the deadline for Plaintiff to comply with the Court's October 3, 2025 Order granting Defendant's motion to compel from November 3, 2025 to November 17, 2025. 10/22/2025 Order at 4. Plaintiff was warned that failure to comply with the district court's order may result in the dismissal of this action for failure to prosecute and/or abide by court orders. *Id*. at 5. As of December 1, 2025, Plaintiff has not complied with court orders and discovery obligations. Def. Mot. at 2-3.

On January 14, 2026, the Court vacated the January 20, 2026 hearing on Defendant's pending motion due to Plaintiff's failure to respond to the motion or file a request for an extension of time. *See* 01/14/2026 Order. Plaintiff was ordered to show cause in writing why the Court should not construe Plaintiff's failure to file a timely

3

response as a non-opposition to the motion, and why this case should not be dismissed for failure to prosecute. *Id.* (citing E.D. Cal. Local Rule 110; Fed. R. Civ. P. 41(b)). On January 16, 2026, Plaintiff filed a declaration in response to the Court's January 14, 2026 Order stating his failure to respond to discovery requests was due to the breakdown in the attorney-client relationship with his prior counsel, his limited English proficiency, his lack of familiarity and understanding of federal court procedures and obligations, and that he has recently retained new counsel. 01/16/2026 Declaration of Nhu Dinh Tran ¶¶ 5-6, 8-9 (ECF No. 27). Plaintiff further states his failure to comply with his discovery obligations was not intentional or in bad faith, and since obtaining counsel he has acted diligently and in good faith to move the case forward. *Id*. ¶¶ 10-11. Plaintiff's new counsel of record, attorney Wendy H Chau, also submitted a declaration stating, in part, she has advised Plaintiff to comply with court orders, has reached out to Defendant's counsel to meet and confer regarding discovery issues, and is in good faith requesting additional time (2-3 weeks) to complete discovery requests as certain records, such as medical records, require additional processing times. 01/16/2026 Declaration of Wendy H. Chau ¶¶ 6-10, 12 (ECF No. 27-1). Plaintiff has also filed a motion for leave to file an amended complaint currently pending before the assigned district judge. Chau Decl. ¶ 11; ECF No. 34.

## II.     LEGAL STANDARDS

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). "[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

A party may propound interrogatories relating to any matter that may be inquired to under Rule 26(b). Fed. R. Civ. P. 33(a). Rule 33 requires that, unless otherwise agreed upon or ordered, the responding party must serve its answers and any objections to interrogatories within thirty (30) days after being served. Fed. R. Civ. P. 33(b)(2). Parties must respond to the fullest extent possible, and any objections must be stated

4

with specificity. Fed. R. Civ. P. 33(b)(3)-(4). In general, a responding party is not required "to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made." *Haney v. Saldana*, 2010 WL 3341939, at *3 (E.D. Cal. Aug. 24, 2010) (citing *L.H. v. Schwarzenegger*, 2017 WL 2781132, at *2 (E.D. Cal. Sep. 21, 2007)). Further, the responding party must supplement a response if the information sought is later obtained or the previous response requires a correction. Fed. R. Civ. P. 26(e)(1)(A).

A party may serve requests for admission on any matters within the scope of Rule 26(b)(1) relating to "facts, the application of law to fact, or opinions about either"; and "the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). A matter is deemed admitted unless a written answer or objection is served within thirty (30) days, unless otherwise agreed upon or ordered, after the requests were served. Fed. R. Civ. P. 36(a)(3).

A party may serve requests to produce documents in the responding party's possession, custody, or control, including designated documents, electronically stored information, or other writings. Fed. R. Civ. P. 34(a)(1). A requesting party is entitled to production of documents within a responding party's possession, custody, or control, regardless of whether the requesting party possesses the same documents. Fed. R. Civ. P. 34(a). The responding party must respond in writing within thirty (30) days, unless otherwise agreed upon or ordered, after being served. Fed. R. Civ. P. 34(b)(2). If a responding party objects, the objection "must state whether any responsive materials are being withheld on the basis of that objection[, and] an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C).

A party may move to compel discovery if the movant has in good faith conferred with the party opposing discovery to obtain the requested discovery without the court's intervention. *See* Fed. R. Civ. P. 37(a)(1). The moving party bears the burden to "inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding

party's objections are not meritorious." *Adams v. Yates*, 2013 WL 5924983, at *1 (E.D. Cal. Nov. 1, 2013). Local Rule 251 governs motions to compel and requires the parties to confer and attempt to resolve their discovery differences. If there has been "a complete and total failure to respond to a discovery request or order," the moving party may bring its motion on fourteen (14) days' notice and the requirement for a Joint Statement re Discovery Disagreement is excused. E.D. Cal. L.R. 251(e).

Rule 37(b)(2) of the Federal Rules of Civil Procedure provides that if a party fails to obey an order to provide or permit discovery, the court may issue further just orders, which may include: "(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." Fed. R. Civ. P. 37(b)(2)(A).

Terminating or dismissal sanctions may be granted when "a party has engaged deliberately in deceptive practices that undermine the integrity of judicial proceedings because courts have inherent power to dismiss an action when a party has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice." *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006) (quoting *Anheuser-Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995)) (internal quotation marks omitted). Courts consider the following factors in determining whether to issue dismissal sanctions: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Id*. (quoting *Anheuser-Busch*, 69

6

F.3d at 348).

## III.   DISCUSSION

"The discovery process in theory should be cooperative and largely unsupervised by the district court. But when required disclosures aren't made or cooperation breaks down, Federal Rule of Civil Procedure 37 allows a party to move for an order compelling disclosures or discovery." *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018). Here, Plaintiff has completely failed to uphold his discovery obligations, comply with court orders, and cooperate in discovery.

### A.     Interrogatories, RFAs and RFPs

Defendant's interrogatories, RFAs and RFPs were served on May 28, 2025, making Plaintiff's responses due on June 27, 2025. 10/3/2025 Order at 5 (citing Fed. R. Civ. P. 33(b)(2), 34(b)(2), 36(a)(3)). On October 3, 2025, the Court ordered Plaintiff to serve complete and full responses to Defendant's interrogatories without objection, to produce documents responsive to Defendant's RFPs without objection, to respond to the RFAs without objection, and file a status report regarding compliance by November 3, 2025. *Id*. at 6, 9. On October 22, 2025, the assigned district judge extended Plaintiff's deadline to comply with the Court's October 3, 2025 Order to November 17, 2025. 10/22/2025 Order at 4. As of the filing of Defendant's motion on December 1, 2025, Plaintiff has not responded to Defendant's interrogatories, RFAs or produced any documents. Plaintiff does not refute this. *See generally* Tran Decl; Chau Decl.

The Court finds terminating sanctions are not appropriate at this juncture. In light of Plaintiff retaining new counsel and declaring he seeks to comply with the Court's orders and discovery obligations, the Court finds granting Defendant's motion to compel is appropriate.

As previously warned, Defendant's RFAs are deemed admitted. *See* Fed. R. Civ. P. 36(a)(3); *see also* 10/3/2025 Order at 6. In addition, as previously ordered, Plaintiff has waived any objection to Defendant's interrogatories, RFAs and RFPs. *See In re PersonalWeb Techs., LLC et al. Pat. Litig.*, 2022 WL 16556793, at *1 (N.D. Cal. Oct. 31,

2022); *Bell v. Jones*, 2021 WL 843242, at *2 (E.D. Cal. Mar. 5, 2021); *see also* 10/3/2025 at 6.

The Court also orders Plaintiff to serve complete and full responses to Defendant's interrogatories without objection and to produce documents responsive to Defendant's RFPs without objection within seven (7) days of this order. Given that Plaintiff's counsel indicated in her January 16, 2026 declaration that two to three weeks was needed to respond to the outstanding discovery requests, Plaintiff should have already served his discovery responses by early February 2026. *See* Chau Decl.

Plaintiff is **again** reminded of his duty to comply with court orders and participate in discovery. If Plaintiff continues to fail to comply with court orders, or participate in discovery, Plaintiff may face serious sanctions, including dismissal. *See Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1095 (9th Cir. 2007) (affirming district court's imposition of terminating sanction for discovery violations). If a party fails to obey a discovery order, the court "may issue further just orders," including:

(i)     directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii)    prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii)   striking pleadings in whole or in part;

(iv)    staying further proceedings until the order is obeyed;

(v)     dismissing the action or proceeding in whole or in part;

(vi)    rendering a default judgment against the disobedient party; or

(vii)   treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A); *see Leon*, 464 F.3d at 958. The choice of sanction, including dismissal, is within the discretion of the court. *Olivia v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992) (citations omitted); *see also* E.D. Cal. L.R. 110 (noting the failure of a party to

comply with any local rule or order of the court may result in the imposition of "any and all sanctions authorized by statute or Rule or within the inherent power of the Court").

### B.   Requirement for Plaintiff to File Discovery Status Report

The Court further orders Plaintiff to file a written status report within seven (7) days of this order regarding his compliance with this order in serving complete and full interrogatory responses without objections and producing documents responsive to Defendant's RFPs without objections. The status report shall describe the manner and date of service of each of these items.

### C.   Rule 37 Expenses

If a court grants the motion to compel, then the court must order the party "whose conduct necessitated the motion... to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The court must not award expenses if "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action"; "the opposing party's nondisclosure, response, or objection was substantially justified"; or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). The burden is on the losing party to prove that its position was substantially justified. *See R & R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240, 1246 (9th Cir. 2012). "The test for substantial justification is one of reasonableness." *Cathey v. City of Vallejo*, 2015 WL 5734858, at *8 (E.D. Cal. Sept. 29, 2015) (internal quotations omitted) (quoting *United States v. First Nat. Bank of Circle*, 732 F.2d 1444, 1447 (9th Cir. 1984)).

Defendant has not provided sufficient information for the Court to determine the amount of reasonable expenses if the Court were to make such an award. The Court therefore orders Defendant to file and submit its reasonable expenses in making the motion to compel, including attorney's fees, within fourteen (14) days of this order. Defendant must include sufficient detail, including the number of hours spent in drafting the motion, the description of the work completed, counsel's hourly rates, counsel's experience, and the prevailing market rate in Sacramento, where this district court sits,

9

for attorneys of comparable experience.

The Court also provides Plaintiff with an opportunity to be heard as to Rule 37 expenses, including addressing whether there was any justification for his failure to respond to Defendant's discovery requests or whether other circumstances make an award of expenses unjust. *See* Fed. R. Civ. P. 37(a)(5)(A). Within seven (7) days after the filing of Defendant's submission, Plaintiff may file a response as to any justification for his failure to respond to Defendant's discovery requests, other circumstances that make awarding expenses unjust, and Defendant's requested expenses. A failure to timely respond by Plaintiff will be construed as a concession that there was no justification for Plaintiff's failure to respond to Defendant's discovery requests and as a non-opposition to the award of reasonable expenses under Rule 37(a)(5)(A). A separate order as to whether Rule 37 expenses will be awarded will issue separately.

## IV.    CONCLUSION

In accordance with above, IT IS HEREBY ORDERED:

1. Defendant's motion to compel and motion for sanctions (ECF No. 22) is GRANTED IN PART AND DENIED IN PART.

2. Within seven (7) days of this order, Plaintiff shall serve his complete and full responses to Defendant's interrogatories without objection, and to produce documents responsive to Defendant's RFPs without objection. Plaintiff's RFAs are deemed admitted.

3. Within seven (7) days of this order, Plaintiff shall file a written status report regarding his compliance with this order in serving complete and full interrogatory responses without objections, producing documents responsive to Defendant's RFPs without objections. The status report shall describe the manner and date of service of each of these items.

4. Within fourteen (14) days of this order, Defendant shall file and submit its reasonable expenses in making the motion to compel, including attorney's fees and information identified above.

10

5. Within seven (7) days after the filing of Defendant's submission of its reasonable expenses, Plaintiff may file a response as described above.

6. A separate order as to whether Rule 37 expenses will be awarded will issue separately.

Dated: March 31, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, tran3232.24